932 F.2d 981
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Mei-Lie SWENBERG, Petitioner,
v.
DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent.
 No. 90-3504.
 United States Court of Appeals, Federal Circuit.
 April 16, 1991.
 
 Before RICH, PAULINE NEWMAN and ARCHER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Dr. Mei-Lie Swenberg (Dr. Swenberg) appeals from the April 9, 1990 Initial Decision of the Administrative Judge (AJ) in Docket No. DC04329010114, which became the final decision of the Merit Systems Protection Board (Board) when it denied review on August 8, 1990, affirming the decision of the Department of Health and Human Services (agency) to remove Dr. Swenberg for "unacceptable performance." We affirm.
 
 OPINION
 
 2
 Dr. Swenberg contends that the 1988 performance standards were improperly vague and therefore invalid, citing Wilson v. Dep't of Health and Human Services, 770 F.2d 1048 (Fed.Cir.1985). While the 1988 standards used to judge Dr. Swenberg's performance may not have been as precise as those found to be valid with respect to petitioner Jackson of Wilson, see id. at 1055, neither do we find them "meaningless" or "so vague and inexact that [they are] impossible to apply in a verifiable fashion or to discover the level of proficiency which the [agency] intended...." Id. at 1053. We also note the Wilson court's reasoning that the exercise of some subjective judgment by the evaluators of petitioner Jackson, an environmental scientist, was not objectionable. Id. at 1055. Accordingly, we cannot disagree with the AJ's statement that the nature of Dr. Swenberg's duties was such that some degree of subjective judgment on the part of her assessors was unavoidable, and that the presence of such subjectivity does not invalidate otherwise proper standards.
 
 
 3
 Perhaps more importantly, the agency did not base its removal of Dr. Swenberg on the bare words of the performance standards. The AJ found that Dr. Swenberg's failure to submit the manuscripts and research proposal called for by the Performance Improvement Plan (PIP) led Dr. Keiser to find her performance unacceptable. As did petitioner Jackson in Wilson, Dr. Swenberg knew very precisely from the PIP the level of proficiency she would have to achieve to retain her position. When she failed to complete those tasks in a satisfactory manner, the agency could properly take action. See Wilson, 770 F.2d at 1056.
 
 
 4
 Dr. Swenberg further contends that the agency improperly imposed upon her a new, revised performance plan for 1989 at the same time it issued the PIP. The AJ found, however, that the language changes in the 1989 plan were not significant, and did not materially change the requirements for fully acceptable performance. We are not persuaded that the AJ erred in so finding.
 
 
 5
 Our review of Board decisions is narrow in scope. We may not set aside the Board's decision affirming the removal of Dr. Swenberg unless we find it arbitrary, capricious, an abuse of discretion, contrary to law, or unsupported by substantial evidence. 5 USC 7703(c). Finding no such grounds present here, we accordingly affirm.